IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GREGORY GRAHAM, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZEKELMAN INDUSTRIES, INC.,<br><br>Defendant. | CASE NO. 2:21-cv-5484<br><br>JUDGE SARAH D. MORRISON<br><br>MAGISTRATE JUDGE KIMBERLY A. JOLSON<br><br>**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND INCLUDED HEREON** |

Plaintiff Gregory Graham ("Representative Plaintiff"), individually and on behalf of all others similarly situated, brings this class and collective action against Defendant Zekelman Industries, Inc. ("Defendant"). Based on personal knowledge of his own conduct and upon information and belief as to the conduct of others, Representative Plaintiff alleges as follows.

## PARTIES

1. Representative Plaintiff is an adult resident of Ohio. Representative Plaintiff consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b). Representative Plaintiff's Consent to Join form has been filed with the Court.

2. Representative Plaintiff was employed by Defendant from approximately June 1998 to July 2021 as a non-exempt, hourly employee. During his employment, Representative Plaintiff held the position of Operator.

3. Representative Plaintiff brings this collective action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of himself and on behalf of the following employees:

> All current and former hourly, non-exempt production employees employed by Defendant at Picoma Industries in at any time in the three years preceding

the date of the filing of this Action to the present, who worked 40 or more hours in any workweek.  ("FLSA Collective")

4. Representative Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") on behalf of himself and on behalf of the following class of employees:

> All current and former hourly, non-exempt production employees employed by Defendant at Picoma Industries in Ohio at any time in the two years preceding the date of the filing of this Action to the present, who worked 40 or more hours in any workweek.  ("Ohio Class")

5. Representative Plaintiff and the FLSA Collective members regularly worked more than 40 hours per workweek.

6. Representative Plaintiff and the Ohio Class Members regularly worked more than 40 hours per workweek.

7. At all relevant times, Representative Plaintiff, the FLSA Collective members and the Ohio Class Members were employed by Defendant has hourly, non-exempt employees.

8. Representative Plaintiff and the FLSA Collective members are covered employees within the meaning of the FLSA.

9. Representative Plaintiff and the Ohio Class members are covered employees within the meaning of the OMFWSA.

10. Defendant is a corporation for profit organized under the laws of the State of Delaware. Defendant can be served at its principal place of business, located at 227 West Monroe Street, Suite 2600, Chicago, IL 60606

11.  Defendant operates a company in Ohio with the registered trade name of Picoma Industries.

12. At all relevant times, Defendant was an "employer" within the meaning of the FLSA and the OMFWSA.

13. At all relevant times, Defendant was an "enterprise" within the meaning of the FLSA and an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA.

14. At all relevant times, Defendant's gross annual sales volume has been in excess of $500,000.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

16. This Court has supplemental jurisdiction over Representative Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

17. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because Defendant conducts business in this district and division a substantial part of the events or omissions giving rise to Representative Plaintiff's claims occurred here.

## FACTUAL ALLEGATIONS

18. At all relevant times, Defendant employed Representative Plaintiff, the FLSA Collective members and the Ohio Class members as hourly, non-exempt production employees.

19. At all relevant times, Representative Plaintiff, the FLSA Collective members and the Ohio Class members routinely worked 40 or more hours per workweek.

20. Representative Plaintiff, the FLSA Collective members and the Ohio Class members were not paid all of the overtime compensation they earned as a result of Defendant's companywide unlawful time clock rounding practice.

21. Defendant used a timekeeping system that recorded its hourly employees exact punch in and punch out time.

22. Representative Plaintiff, the FLSA Collective members and the Ohio Class members began working promptly upon clocking in and performed work up to clocking out.

23. Defendant had a companywide policy of unlawfully rounding the punch in and punch out times of Representative Plaintiff, the FLSA Collective members and the Ohio Class members. Defendant's unlawful rounding practice almost always rounded punch in and out times in Defendant's favor.

24. This unlawful rounding practice has resulted in Representative Plaintiff, the FLSA Collective members and the Ohio Class members being underpaid for overtime hours worked on a weekly basis in violation of the FLSA and the OMFWSA.

25. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and the OMFWSA.

26. Upon information and belief, Defendant failed to make, keep and preserve records of the unpaid work performed by Representative Plaintiff and other similarly situated employees each day.

## **COLLECTIVE ACTION ALLEGATIONS**

27. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

28. Representative Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and others similarly situated who have similar claims under the FLSA (the "FLSA Collective"). The FLSA Collective is defined as:

> All current and former hourly, non-exempt production employees employed by Defendant at Picoma Industries in at any time in the three years preceding the date of the filing of this Action to the present, who worked 40 or more hours in any workweek.

29. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful rounding practice, resulting in unpaid overtime, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

30. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

31. The persons similarly situated to Representative Plaintiff are readily identifiable through the payroll records Defendant have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

32. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

33. Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others similarly situated who have similar claims under the OMFWSA (the "Ohio Class"). The Ohio Class is defined as:

> All current and former hourly, non-exempt production employees employed by Defendant at Picoma Industries in Ohio at any time in the two years preceding the date of the filing of this Action to the present, who worked 40 or more hours in any workweek.

34. The Ohio Class is so numerous that joinder of all class members is impracticable. The exact number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

35. There are questions of law or fact common to the Ohio Class, including but not limited to: whether Defendant's rounding practice was unlawful and resulted in unpaid overtime to the Ohio Class members.

36. Representative Plaintiff's claims are typical of the claims of other members of the Ohio Class. Representative Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

37. Representative Plaintiff will fairly and adequately protect the interests of the Ohio Class. Representative Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Representative Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

38. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

39. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually

would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

40. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41. Representative Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the FLSA Collective members who may join this case pursuant to 29 U.S.C. § 216(b). Representative Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) has been filed with the Court.

42. The FLSA requires that Defendant's non-exempt employees receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

43. As non-exempt employees, Representative Plaintiff and the FLSA Collective members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours per workweek.

44. Because of Defendant's unlawful rounding policy, Defendant failed to pay the required overtime compensation to Representative Plaintiff and the FLSA Collective members for all hours worked in excess of forty (40) in a workweek.

45. At all relevant times, Defendant knew that it was required to pay Representative Plaintiff and the FLSA Collective members overtime compensation.

46. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

47. As a result of Defendant's violations of the FLSA, Representative Plaintiff and the FLSA Collective members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

48. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. Representative Plaintiff brings this claim for violation of the OMFWSA, on behalf of himself and the Ohio Class members for which certification is sought pursuant to Fed. R. Civ. P. 23.

50. At all times relevant, Defendant was an employer covered by the OMFWSA.

51. Defendant violated the OMFWSA by failing to pay overtime compensation to its non-exempt employees for all hours worked in excess of forty (40) in a workweek.

52. Defendant's violations of Ohio Rev. Code § 4111.03 injured Representative Plaintiff and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute.

53. Ohio Rev. Code § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount

actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## PRAYER FOR RELIEF

**WHEREFORE,** Representative Plaintiff, and all similarly-situated employees, collectively pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Representative Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Representative Plaintiff, the FLSA Collective, and the Ohio Class;

D. Award compensatory damages to Representative Plaintiff, the FLSA Collective, and the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

E. Award Representative Plaintiff, the FLSA Collective, and the Ohio Class pre-judgment and post-judgment interest at the statutory rate; and

F. Award Representative Plaintiff, the FLSA Collective and the Ohio Class their costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7034 Braucher St NW, Suite B
North Canton, OH 44720
Telephone:	330-470-4428
Facsimile:	330-754-1430
Email:	sdraher@ohlaborlaw.com
	hans@ohlaborlaw.com

Jeffrey J. Moyle (0084854)
1360 E. 9th Street, Suite 808
Cleveland, Ohio 44114
Telephone:	216-230-2955
Facsimile:	330-754-1430
Email:	jmoyle@ohlaborlaw.com

*Counsel for Representative Plaintiff*

## JURY DEMAND

Representative Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Shannon M. Draher*
Shannon M. Draher

*Counsel for Representative Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2022 the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Shannon M. Draher*
Shannon M. Draher

*Counsel for Representative Plaintiff*