**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GREGORY GRAHAM, on behalf of himself and others similarly situated,** | ) ) ) | Case No. 2:21-cv-5484-SDM-KAJ |
| | ) | Judge Sarah D. Morrison |
| Plaintiff, | ) ) | Magistrate Judge Kimberly A. Jolson |
| vs. | ) ) | |
| **ZEKELMAN INDUSTRIES, INC.,** | ) ) | **JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION** |
| Defendant. | ) ) | **SETTLEMENT** |

## I.     INTRODUCTION

Plaintiff Gregory Graham ("Representative Plaintiff"), on behalf of himself and the members of the proposed settlement class ("Class Members"[1]), and Wheatland Tube, LLC d/b/a Picoma Industries ("Picoma" or "Defendant"), incorrectly identified as Zekelman Industries, Inc. in the Complaint, respectfully move this Court to preliminarily approve the Class Action Settlement Agreement ("Agreement") between Representative Plaintiff and Defendant pursuant to Fed. R. Civ. P. 23(e).

In support of this Motion, Representative Plaintiff and Defendant submit the following exhibits:

**Exhibit 1:**     Class Action Settlement Agreement and Release and exhibits.

**Exhibit 2:**     Declaration of Shannon Draher.

**Exhibit 3:**     Notice of Class Action Settlement.

**Exhibit 4**:     Proposed Preliminary Order Approving Class Action Settlement Agreement.

---

[1] Unless otherwise defined, all terms used in this Joint Motion for Preliminary Approval of Class Action Settlement have the same meanings as defined in the attached Agreement (Exhibit 1).

Representative Plaintiff and Defendant respectfully ask the Court to enter the Proposed Preliminary Order Approving Class Action Settlement Agreement attached as **Exhibit 4** and:

- Certify the following class under Rule 23: "All current and former hourly, non-exempt production employees employed by Defendant at Picoma Industries in Ohio at any time during the period of December 30, 2018 through April 2, 2022, who worked 40 or more hours in any workweek";

- Preliminarily approve the Agreement pursuant to Fed. R. Civ. P. 23;

- Designate Representative Plaintiff as the Class representative;

- Preliminarily approve the service payment to Representative Plaintiff;

- Designate Shannon M. Draher and Jeffrey J. Moyle of Nilges Draher LLC as Class Counsel;

- Preliminarily approve Class Counsel's request for attorneys' fees and litigation expenses and costs; and

- Schedule a Fairness Hearing **no earlier than 90 days after granting preliminary approval**.

## II.   FACTS

### A.   Summary of the Claims, Defenses and Procedural History.

On November 24, 2021, Representative Plaintiff filed this class and collective action lawsuit (the "Action") under the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFSWA"). (Doc. No. 1).[2]  In the Action, Representative Plaintiff alleges that he, and other similarly situated employees, were not properly paid for all hours worked due to Defendant's time clock rounding practices.  As a result, Representative Plaintiff alleges Defendant denied him and the Class Members overtime compensation in violation of the FLSA and the OMFWSA.  (Draher Decl. ¶ 10).

---

[2] Representative Plaintiff filed an Amended Complaint on February 28, 2022.  (Doc. No. 20).

Defendant vigorously that its time clock rounding practices were unlawful and maintains it paid Representative Plaintiff and the Class Members properly for all hours worked.

**B.      Negotiation of the Settlement.**

The Parties agreed to engage in early settlement discussions. (Draher Decl. ¶ 12). To facilitate that process, Defendant produced the time and payroll records for the Class Members. (*Id*. at ¶ 13). Class Counsel retained the services of Employstats to construct a damages model using the data Defendant produced. (*Id.* at ¶ 14). The damages model calculated the difference between the hours recorded in the Class Members' time records and the hours paid to the Class Members. That difference, if any, was then added to the Class Members' weekly work hours. If the difference resulted in alleged unpaid overtime, the overtime compensation due to the Class Members was calculated. (*Id.*).

The Parties engaged in substantial settlement discussions. Over the course of their discussions, the Parties vigorously debated their respective legal and factual positions. (*Id.* at ¶ 15). Specifically, Defendant maintained not all of the time captured in the Class Members' time records reflects actual time worked. For example, Defendant maintained, among other things, those records did not account for the time the Class Members spent walking from the time clock to their work areas, which is not compensable time. (*Id.* at ¶ 16).

**C.      Summary of the Key Settlement Terms.**

The total settlement amount is $175,000.00, which includes: (a) all individual payments to Class Members who do not opt-out of the settlement; (b) a service award to Representative Plaintiff; and (c) Class Counsel's attorneys' fees and litigation expenses and costs. (*Id*. at ¶ 17). The total settlement amount represents almost 75% of the alleged unpaid overtime, assuming every minute recorded by the time clock is compensable time worked. (*Id.* at ¶ 18).

3

Upon preliminary approval, the Notice of Class Action Settlement attached as **Exhibit 3**[3] will be distributed to the Class Members providing them with an opportunity to opt out or object to the settlement. Class Members will have 30 days to opt-out or object to the settlement. (*Id.* at ¶ 22).

Under the terms of the Agreement, Class Counsel will be paid one-third of the total settlement fund for their attorneys' fees and will be reimbursed for their litigation expenses and costs, including half of the settlement administration costs.[4] In addition, Representative Plaintiff will be paid a service award in the amount of $3,500. (*Id.* at ¶ 20, 23, 24).

Class Members who do not opt out of the settlement will receive a settlement payment based on the number of workweeks worked by each Class Member between December 30, 2018, and April 2, 2022, compared with the number of workweeks worked by all Class Members during the same period. (*Id.* at ¶ 21).

## III.  PRELIMINARY APPROVAL IS APPROPRIATE IN THIS CASE.

Pursuant to Fed. R. Civ. P. 23, the Agreement is subject to approval by the Court. When approving class action settlements, courts in the Sixth Circuit use a three-step process. *Bailey v. Verso Corp.*, 2021 U.S. Dist. LEXIS 31807, at * 6-7 (S.D. Ohio Feb. 22, 2021). The first step requires the court to preliminarily approve the class action settlement. *Id.* The second step requires notice of the class action settlement to be issued to the proposed settlement class members. The third step requires the court to holding a fairness hearing and decide if final approval of the class action settlement is warranted. *Id.* Currently, the Parties ask the Court to preliminarily approve the settlement under step one.

---

[3] As the Notice of Class Action Settlement will be sent to Class Members, and is intended to provide Class Members with important information regarding the Settlement, Exhibit 3 does not reference or use defined terms.

[4] As outlined in the Agreement, the remaining half of the settlement administration costs, up to $5,000.00, will be paid by Defendant (in addition to the total settlement amount).

At step one, the Court must ensure the proposed settlement class outlined in the Agreement satisfies certification requirements set forth at Rule 23(a) and (b)(3).[5]  Then, the Court must ensure the Agreement meets the requirements in Rule 23(e).  Last, the Court must ensure settlement distributions are fair, reasonable, and adequate.  As discussed below, these requirements are met here.

**A.    The Proposed Settlement Class Satisfies the Certification Requirements of Rule 23(a).**

In the Agreement, the Parties have agreed to the certification of the following proposed settlement class:

> All current and former hourly, non-exempt production employees employed by Defendant at Picoma Industries in Ohio at any time in the two years preceding the date of the filing of this Action to the present, who worked 40 or more hours in any workweek.

In total, the proposed settlement class (including Representative Plaintiff) includes 98 individuals. (Draher Decl. ¶ 19).

Under Rule 23, a class action may be maintained when the following requirements of Rule 23(a) are met:  numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a).   All four elements are satisfied here.

**1.    The numerosity requirement of Rule 23(a)(1) is met.**

Rule 23(a)(1)'s numerosity requirement is met when the class is "so numerous that joinder of all members is impracticable."  *Swigart v. Fifth Third Bank*, 288 F.R.D. 177, 182 (S.D. Ohio 2021) (internal quotations omitted).  More specifically, this requirement is met when joinder would

---

[5] When the prerequisites in Rule 23(a) are satisfied, an action may be maintained as a class action if it qualifies under any of the three conditions set forth in Rule 23(b). The Parties are asking the Court to certify the proposed settlement class under Rule 23(b)(3).

be difficult and inconvenient.  *Id.*  Numerosity is satisfied here because the proposed settlement class includes 98 individuals.  *See e.g. Taylor v. CSX Transp., Inc.*, 264 F.R.D. 281, 288 (N.D. Ohio 2007) (concluding it is generally accepted that class of 40 or more is sufficient to meet the numerosity requirement).

### 2. The commonality requirement of Rule 23(a)(2) is met.

Commonality under Rule 23(a)(2) "is satisfied when the legal question linking the class members is substantially related to the resolution of the litigation."  *Swigart*, 288 F.R.D. at 183, (*citing DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995)).  "The commonality test is qualitative rather than quantitative, that is, there need be only a single issue common to all members of the class."  *In re Am. Med. Sys.*, 75 F.3d 1069, 1083 (6th Cir. 1996) (internal quotations and citation omitted).

In this case, the legal issue linking the Class Members—whether they were unlawfully denied overtime compensation as a result of Defendant's alleged unlawful time clock rounding practice—is "substantially related to the resolution of the litigation."  Accordingly, the commonality requirement is met.

### 3. The typicality requirement is of Rule 23(a)(3) is met.

The typicality requirement under Rule 23(a)(3) is satisfied when claims of the proposed class representative are typical of the claims of the class.  *Swigart*, 288 F.R.D. at 185 (internal quotations omitted).  Commonality and typicality "are separate and distinct requirements" but "tend to merge" and "are often discussed together."  *Id.* (quoting *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 157 n.13 (1982)).  "A proposed class representative's claim is typical if it 'arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and the claims are based on the same legal theory.'"  *Swigart*, 288 F.R.D. at 185 (quoting *Little*

*Caesar Enters., Inc. v. Smith*, 172 F.R.D. 236, 243 (E.D. Mich. 1997)). The Sixth Circuit has described the typicality requirement in the following manner: "as goes the claim of the named plaintiff, so go the claims of the class." *Sprague v. Gen. Motors Corp*., 133 F.3d 388, 399 (6th Cir. 1998).

Here, typicality exists because Representative Plaintiff's and the Class Members' claims arise from Defendant's same course of conduct—*i.e.*, its time clock rounding practices applicable to all Class Members.

### 4. The adequacy of representation requirement of Rule 23(a)(4) is met.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This results involves a two-pronged test: "(1) the representatives must have common interests with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Swigart*, 288 F.R.D. at 185-86 (quoting *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976)). In other words, "Rule 23(a)(4) tests the experience and ability of counsel for plaintiffs and whether there is any antagonism between the interests of the plaintiffs and other members of the class they seek to represent." *Swigart*, 288 F.R.D. at 186 (quoting *Cross v. Nat'l Trust Life Ins. Co.*, 553 F.2d 1026, 1031 (6th Cir. 1977)).

Both prongs of Rule 23(a)(4)'s adequacy requirement are satisfied. First, Representative Plaintiff's claims against Defendant are based on the same alleged unlawful policy affecting the Class Members. Representative Plaintiff is seeking the same relief as would the Class Members—*i.e.*, unpaid overtime compensation. Thus, Representative Plaintiff's interests are aligned with those of the Class Members. Moreover, Representative Plaintiff is willing and able to fulfill his

duties as the class representative. He has been actively involved in the prosecution of this case and was instrumental in the Parties reaching the Agreement. (Draher Decl. ¶ 23).

Second, Class Counsel is qualified and able to conduct this litigation on behalf of the proposed settlement class. Collectively, Class Counsel has litigated hundreds of wage and hour cases in state and federal courts around the country. (*Id.* at ¶ 7). Class Counsel has actively and vigorously pursued the claims in this case. Class Counsel has committed, and will continue to commit, the resources necessary to seeing this case to its conclusion.

**B.     The Proposed Settlement Class Satisfies the Requirements of Rule 23(b)(3).**

Rule 23(b)(3) requires that "questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Thus, Rule 23(b)(3) contains two requirements: predominance and superiority.

**1.     The predominance requirement of 23(b)(3) is met.**

The predominance requirement examines "whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Put differently, the predominance requirements is about whether class-wide questions are "at the heart of the litigation." *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007).

In this case, the proposed settlement class satisfies the Rule 23(b)(3) predominance requirement because all of the Class Members share a common set of core, predominantly alleged facts and legal issues, including, (a) whether Defendant's time clock rounding practice was unlawful; and (b) whether the Class Members were denied overtime compensation as a result of the alleged unlawful time clock rounding practice.

## 2. The superiority requirement of Rule 23(b)(3) is met.

The superiority requirement examines whether a class action is superior to other, available methods for the fair and efficient adjudication of the dispute and lists four factors for courts to consider: (1) the interests of the members of the class in individually controlling the prosecution of separate actions; (2) the extent and nature of other pending litigation about the controversy by members of the class; (3) the desirability of concentrating the litigation in a particular forum; and (4) the difficulties likely to be encountered in management of the class action. Fed. R. Civ. P. 23(b)(3). Each factor weighs in favor of certification.

First, there is no evidence the Class Members have any interest in maintaining this litigation in separate actions. Second, the Parties are not aware of other pending litigation against Defendant involving the proposed settlement class members. Third, the benefits of concentrating the claims in this court through the class action mechanism are evident because Defendant consents to the Court's jurisdiction, and many of Defendant's witnesses are located in this district. Finally, the manageability factor is automatically satisfied when a case is being certified for settlement purposes. *See Amchem Prods.*, 521 U.S. at 620.

Moreover, efficiency favors concentrating the claims in this Court. A final resolution of Defendant's liability is also fair because the case deals with policies affecting large numbers of employees. It avoids competing decisions about the underlying issues and offers finality. There is no device that may resolve these matters as efficiently and fairly as a class action. Finally, no major difficulty is likely to arise in management of the class action. Class certification here promotes consistent results, giving Defendants "the benefit of finality and repose." *Id.* (internal citations omitted). Adjudicating this matter as a class action is the most efficient and fair manner of resolving these claims.

**C.** **The Notice of Class Action Settlement Meets the Requirements of Rule 23(e) and Due Process.**

Rule 23(e) requires the Court to "direct notice in a reasonable manner to all class members who would be bound" by the settlement. *Bailey v. White*, 320 Fed. Appx. 364, 2009 WL 928595 (6th Cir. 2009). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *UAW v. General Motors Corp.,* 497 F.3d 615, 626 (citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).

Due process requires reasonable notice to class members. . *Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008) (citing *DeJulius v. New England Health Care Employees Pension Fund,* 429 F.3d 935, 943-44 (10th Cir. 2005) (citing *Mullane,* 339 U.S. at 313; *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 173 (1974). Due process "does not, however, require *actual* notice to each party intended to be bound by the adjudication of a representative action." *Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008) (emphasis by the court) (citing *DeJulius,* 429 F.3d at 944 (citing *Mullane,* 339 U.S. at 313-14); *In re Integra Realty Res., Inc.,* 262 F.3d 1089, 1110-11 (10th Cir. 2001); *Silber v. Mabon,* 18 F.3d 1449, 1453-54 (9th Cir. 1994))). The issue is not whether all class members received notice, "but whether the class as a whole had notice adequate to flush out whatever objections might reasonably be raised to the settlement." *Fidel*, 534 F.3d at 514 (quoting *Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1375 (9th Cir. 1993)). The "individual notice" requirement of Rule 23 and due process is fulfilled by sending written notice to class members by first-class mail at the addresses shown in the defendant's business records. *Grunin v. International House of Pancakes* (8th Cir. 1975), 513 F.2d 114, 120, *cert. denied* (1975), 423 U.S. 864 (1975) (citing *Eisen*, 417 U.S. at 172-77).

In this case, the Notice of Class Action Settlement will be sent to the Class Members by first-class mail using the addresses shown in Defendant's records.

**D.     The Settlement is Fair, Reasonable and Adequate under Rule 23(e).**

Under Rule 23(e), a class settlement must be "fair, reasonable, and adequate" under the seven-factor standard discussed below. *UAW v. General Motors Corp.,* 497 F.3d 615, 626 (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir. 1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir. 1983)). The Sixth Circuit has recognized "the law generally favors and encourages the settlement of class actions." *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981). Such actions, by their nature, involve uncertainties of outcome, difficulties of proof, and lengthy litigation, and lend themselves readily to compromise. 4 Newberg On Class Actions § 11.41 (4th ed. 2007) (citing cases). Therefore, when considering the below factors, the courts apply a "strong presumption" in favor of finding a settlement is fair. *Dail v. George A. Arab, Inc.,* 391 F. Supp. 2d 1142, 1145-46 (M.D. Fla. 2005) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). *Accord, Sweet v. General Tire & Rubber Co.*, 1982 WL 278, *5 (N.D. Ohio Mar. 17, 1982).

When evaluating class action settlements, the Sixth Circuit considers the following seven factors:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)), *quoted in Crawford*, 2008 WL 4724499 at *3. When considering these factors, the task of the court "is not to decide whether one side is right or even whether one side has the better

of these arguments. . . .The question rather is whether the parties are using settlement to resolve a legitimate legal and factual disagreement." *UAW*, 497 F.3d at 632. As discussed below, each of these factors supports preliminary approval here.

### 1. No indicia of fraud or collision exists.

When reaching the settlement, there was no fraud or collusion. "Courts presume the absence of fraud or collusion unless there is evidence to the contrary." *White v. Premier Pallet & Recycling, Inc.*, No. 5:18-cv-1460, 2018 U.S. Dist. LEXIS 174414, at *4 (N.D. Ohio Oct. 10, 2018) (citation omitted). All settlement negotiations were extensive, conducted fairly, and at arm's-length, and only occurred after the exchange and rigorous analysis of the relevant case law and pay data. (Draher Decl. ¶¶ 13-16); *see Mangone v. First USA Bank*, 206 F.R.D. 222, 226 (S.D. Ill. 2001) (arm's-length negotiations conducted by competent counsel constitute prima facie evidence of fair settlements). Both Parties' Counsel, who are experienced in wage and hour class and collective actions, support the settlement as fair and reasonable, and all certify it was reached at arm's-length. (Draher Decl. ¶¶ 7, 25-29).

### 2. The complexity, expense and likely duration of continued litigation favor approval.

The policy favoring the settlement of class actions and other complex cases applies with particular force here. Wage and hour class and collective actions are expensive and time-consuming. *See, Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *8 (S.D. Ohio Aug. 17, 2018) ("[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them") (citations omitted); *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-CV-516, 2019 U.S. Dist. LEXIS 204371, at *10, 2019 WL 6310376 (S.D. Ohio Nov. 25, 2019) (Rice, J.); *see also Satterly v. Airstream, Inc*., No. 3:19-cv-32, 2020 U.S. Dist. LEXIS 210868, at *15, 2020 WL 6536342

(S.D. Ohio Sep. 25, 2020) ("From the outset, the Court notes that wage and hour class and collective actions, such as this one, are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them.").

If forced to further litigate this case, the Parties would certainly engage in complex, costly, and protracted litigation. The settlement, on the other hand, promptly and efficiently provides substantial relief to Representative Plaintiff and the Class Members, and amplifies the benefits of that relief through the economies of class resolution. (Draher Decl. ¶¶ 28-29).

**3.      Investigation was sufficient to allow the Parties to make informed decisions.**

To confirm the Representative Plaintiff and the Class Members "have had access to sufficient information to evaluate their case and to assess the adequacy of the proposed Settlement," the Court must consider the amount of discovery engaged in by the parties. *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 374 (S.D. Ohio 2006) (Watson, J.); *Satterly*, 2020 U.S. Dist. LEXIS 210868 at *15–16. "In considering whether there has been sufficient discovery to permit the plaintiffs to make an informed evaluation of the merits of a possible settlement, the court should take account not only of court-refereed discovery but also informal discovery in which parties engaged both before and after litigation commenced." *Satterly,* 2020 U.S. Dist. LEXIS 210868 at *16 (internal citations omitted). In this consideration, "the absence of formal discovery is not unusual or problematic, so long as the parties and the court have adequate information in order to evaluate the relative positions of the parties." *Id.* (internal citations omitted)*; Mitchell v. Indep. Home Care, Inc.,* No. 2:17-cv-717, 2019 U.S. Dist. LEXIS 26464, at *10–11, 2019 WL 696941 (S.D. Ohio Feb. 20, 2019) (Vascura, M.J.) (internal citations omitted), *report and recommendation adopted*, No. 2:17-cv-717 2019 U.S. Dist. LEXIS 39104 (S.D. Ohio Mar. 12, 2019) (Watson, J.); *see also Dillow v. Home Care Network, Inc.*, No. 1:16-cv-612, 2018

U.S. Dist. LEXIS 170579, at *8, 2018 WL 4776977 (S.D. Ohio Oct. 3, 2018) (stating that while the parties had not reached conducting depositions, that "in a wage and hour case based primarily on payroll records, this is sufficient for the parties to properly evaluate their risks and fairly settle the claims").

The Parties engaged in substantial investigation prior to negotiating the Agreement. Defendant produced the payroll and other wage data required for the Parties to construct a proper damages analysis. In addition, the legal issues in this case were thoroughly researched and debated by the Parties. (Draher Decl. ¶¶ 12-16).

### 4. The risks of litigation and uncertainty of recovery favor approval.

Counsel for both sides believe in the merits of their clients' positions, but nonetheless recognize litigation of this type of claims is uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendant raised affirmative defenses to the claims, and the outcome of those defenses is uncertain as well. Continued litigation would be risky for all.

The possible recovery is also open to dispute. Even if Representative Plaintiff proves liability, the amount of recovery is uncertain and something upon which the Parties continue to disagree. (*Id.* at ¶ 27).

### 5. Experienced counsel's views favor approval.

The recommendation of Class Counsel, skilled in class actions, that the Court should approve the settlement is entitled to deference. *Satterly*, 2020 U.S. Dist. LEXIS 210868, at *19–20; *see also Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983) ("The court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs. . . . [T]he deference afforded counsel should correspond to the amount of discovery completed and the character of the evidence uncovered."); *Kritzer v. Safelite Solutions, LLC*, No. 2:10-cv-0729,

2012 U.S. Dist. LEXIS 74994, at *23, 2012 WL 1945144 (S.D. Ohio May 30, 2012) ("The Court gives weight to the belief of experienced counsel that a settlement is in the best interests of the class.").

The Parties' Counsel are experienced in wage-and-hour class actions, have acted in good faith, and have represented their clients' best interests in reaching the Agreement. Counsel support the Agreement as fair and reasonable, and in the best interest of the Class as a whole. (Draher Decl. ¶¶ 7, 25-29).

### 6. The reaction of absent class members cannot be assessed until after notice issues.

There has not yet been an opportunity to gauge the reaction of absent Class Members as class notice has not yet been issued. The Parties are of the opinion this factor will likely favor approval because none of the Parties, their Counsel, nor any person on their behalf, shall seek to solicit, or otherwise encourage, anyone to object to the settlement, or appeal from any order of the Court that is consistent with the terms of this settlement, or discourage participation in the settlement claims process. Class Counsel, however, may advise Class Members how to assert their right to object. However, this issue can be reexamined in the motion for final approval and certification.

### 7. The public interest favors settlement.

Approval of a fair and reasonable settlement agreement promotes the public's interest in encouraging settlement of litigation. *Satterly*, 2020 U.S. Dist. LEXIS 210868, at *21; *Edwards v. City of Mansfield*, No. 1:15-CV-959, 2016 U.S. Dist. LEXIS 64159, *10 (N.D. Ohio May 16, 2016); *Crawford*, 2008 U.S. Dist. LEXIS 90070, at *30–31 (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. Indeed, the "[t]ouchstone for final approval is the effect on the class <u>as a whole</u> in light of the particular circumstances, which include the public policy encouraging comprehensive

settlement of class actions and multi-party litigation." *In re Rio Hair Naturalizer Prods. Liab. Litig.*, MDL No. 1055, 1996 U.S. Dist. LEXIS 20440, at *35 (E.D. Mich., Dec. 20, 1996) (underlining in original). Accordingly, resolving the present matter through settlement serves the public's interest by providing fair and efficient payments to the settlement class members, avoiding the continued expenditure of judicial resources on protracted complex litigation, and eliminating the risks that both parties face through the litigation process.

E.    **The Settlement Distributions Are Fair, Reasonable and Adequate.**

As a part of the scrutiny applicable to a wage and hour settlements, "a court must ensure that the distribution of the settlement proceeds is equitable." *Murton v. Measurecomp, LLC*, No. 1:07CV3127, 2009 U.S. Dist. LEXIS 144222, at *22 (N.D. Ohio Aug. 10, 2009). In the present case, the Agreement provides the total settlement amount will be distributed as follows: (a) individual payments to the Class Members who do not opt-out of the settlement; (b) a service award to Representative Plaintiff; (c) Class Counsel's attorneys' fees and litigation expenses; and (d) half of the cost of settlement administration.

As discussed below, all components of the proposed distribution are proper and reasonable, and the Settlement as a whole is fair, reasonable, and adequate for Representative Plaintiff and the Class Members.

1.    **The individual payments are reasonable and adequate.**

The total settlement amount represents almost 75% of the alleged unpaid time, and that assumes every minute recorded by the time clock is compensable time worked. The compensability of the recorded time versus the paid time worked was vigorously debated by the Parties during their negotiations. (Draher Decl. ¶¶ 16-18).

Class Members who do not opt out of the settlement will receive a settlement payment based on the number of workweeks worked by the Class Member during the period between December 30, 2018, and April 2, 2022, compared with the number of workweeks worked by all Class Members during that same period. (*Id*. at ¶ 21).

In short, if approved by the Court, the settlement will provide substantial payments to Representative Plaintiff and the Class Members for overtime compensation the Class Members contend is unpaid.

### 2.     The service awards are proper and reasonable.

The Agreement provides the Representative Plaintiff will receive a service award of $3,500. Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *17 (N.D. Ohio Mar. 8, 2010).Courts routinely approve service awards in class action litigation because they "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003).

In this Circuit, service awards are "typically justified where the named plaintiffs expend time and effort beyond that of the other class members in assisting class counsel with the litigation, such as by actively reviewing the case and advising counsel in the prosecution of the case." *In re S. Ohio Corr. Facility*, 175 F.R.D. 270, 273 (S.D. Ohio 1997). Courts recognize "differentiation among class representatives based upon the role each played may be proper in given circumstances." *Dun & Bradstreet*, 130 F.R.D. at 374; *see also Enter. Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio 1991) (noting, among the factors warranting incentive awards are

the "time and effort spent" by the individuals in question and "whether these actions resulted in a substantial benefit to Class Members").

The proposed service award set forth in the Agreement is within the range awarded by in wage and hour actions within district courts in this Circuit and beyond. *See Satterly*, 2020 U.S. Dist. LEXIS 210868 at *25–26 (awarding the representative plaintiffs payments in various amounts from $2,500 to $15,000); *Al-Sabur, et al. v. ADS Alliance Data Systems, Inc.*, No. 2:18-cv-957, ECF No. 23 (S.D. Ohio Aug. 6, 2019) (Smith, J.) (approving service awards of $12,500 for a representative plaintiff and $2,500 for an Opt-In Plaintiff); *Mullins v. S. Ohio Pizza, Inc.*, No. 1:17-CV-426, 2019 U.S. Dist. 11019, at *16–17, 2019 WL 275711 (S.D. Ohio Jan. 18, 2019) (Dlott, J.) (awarding $10,000 for each named plaintiff); *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-CV-516, 2019 U.S. Dist. LEXIS 204371, at *21–22, 2019 WL 6310376 (S.D. Ohio Nov. 25, 2019) (Rice, J.) (approving $10,000 service award for each named plaintiff); *Arledge v. Domino's Pizza, Inc.*, No. 3:16-CV-386-WHR, 2018 U.S. Dist. LEXIS 179474, at *17, 2018 WL 5023950 (S.D. Ohio Oct. 17, 2018) (Rice, J.) (awarding $10,000 for each named plaintiff); *Swigart v. Fifth Third Bank*, No. 1:11-cv-88, 2014 U.S. Dist. LEXIS 94450, at *20, 2014 WL 3447947(S.D. Ohio July 11, 2014) (approving "modest class representative award" requests of $10,000 to each of the class representatives in FLSA/Rule 23 hybrid action); *In re Polyurethane Foam Antitrust Litig.*, 135 F. Supp. 3d 679, 694 (N.D. Ohio 2015) (awarding $35,000); *Johnson v. Midwest Logistics Sys.*, No. 2:11-CV-1061, 2013 U.S. Dist. LEXIS 74201, at *20, 2013 WL 2295880 (S.D. Ohio May 25, 2013) (awarding $12,500); *Abadeer v. Tyson*, No. 3:09-cv-00125, Dkt. 420 (M.D. Tenn. Oct. 17, 2014) (approving service awards ranging from $500 to $11,500 for participating plaintiffs); *Bijoux v. Amerigroup N.Y., LLC*, No. 14 Civ. 3891 (PK), 2016 U.S. Dist. LEXIS 68969, at *4 (E.D.N.Y. May 12, 2016) (awarding service payments between $2,000 and

$10,000 to participating plaintiffs); *Fosbinder-Bittorf v. SSM Health Care of Wisconsin, Inc.*, No. 11-cv-592-wmc, 2013 U.S. Dist. LEXIS 152087, at *4 (W.D. Wis. Oct. 23, 2013) (approving service payments between $5,000 and $15,000 to named and participating plaintiffs in FLSA/Rule 23 hybrid action); *Hyun v. Ippudo USA Holdings*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, at *6, 2016 WL 1222347 (S.D.N.Y. Mar. 24, 2016) (concluding service awards representing 5% of the settlement fund are "well within the range of service awards recently approved" in FLSA cases).

Representative Plaintiff spent significant time assisting Class Counsel in their investigation and prosecution of this case. In addition, Representative Plaintiff attached his named to a publicly filed lawsuit against his former employer. *Osman*, 2018 U.S. Dist. LEXIS 78222, at *5 (citing *Sand v. Greenberg*, 2011 U.S. Dist. LEXIS 155013, at *9, 2011 WL 784602 (S.D.N.Y. Oct. 6, 2011) (approving award in FLSA case because the plaintiffs "took risks by putting their names on this lawsuit," including that of "blacklisting")). As such, the time and efforts Representative Plaintiff provided supports the requested service awards. (Draher Decl. ¶ 23).

> 3. **The attorneys' fees and expenses to Class Counsel are proper and reasonable.**

After the Court has confirmed the terms of Agreement are fair to the Class Members, it may review the Agreement as to the provision of attorneys' fees and litigation expenses to Class Counsel. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied*, 513 U.S. 875 (1994), the Sixth Circuit determined the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of

congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)).

In this case, the Agreement provides that Class Counsel receive one-third of the total settlement amount as payment for their attorneys' fees. A one-third fee is "typical for attorney's fees in a common fund" for wage and hour litigation in this District. *Hebert v. Chesapeake Operating, Inc.*, 2019 WL 4574509, at *4-8 (S.D. Ohio Sept. 20, 2019). In fact, the "percentage approach is 'the most appropriate method for determining reasonable attorneys' fees' in wage and hour cases." *Id.* at *4 quoting *Swigart v. Fifth Third Bank*, 2014 WL 3447947, at *5 (S.D. Ohio July 11, 2014)). This "is a normal fee amount in a wage and hour case." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 WL 6310376, *5 (S.D. Ohio Nov. 25, 2019) (citing *Carr v. Bob Evans Farms, Inc.*, No. l:17-cv-1875, 2018 WL 5023950 at *4 (N.D. Ohio July 27, 2018)); *Estate of McConnell v. EUBA Corp.*, No. 3:18-cv-355, 2021 WL 1966062, *5-7 (S.D. Ohio May 17, 2021).

"Absent compelling reasons to the contrary," courts apply the percentage method in wage and hour cases, "as it best reflects FLSA's employee-protection objective." *Dewald v. Time Warner Cable Inc.*, No. 16-cv-1129, 2021 WL 687246 at *5 (S.D. Ohio Feb. 16, 2021). "[T]he percentage approach encourages efficiency, judicial economy, and aligns the interests of the lawyers with the class[]." *In re Cardinal Health Inc. Sec. Litigs.*, 528 F.Supp.2d 752, 762 (S.D. Ohio 2007). "[W]hile the lodestar approach incentivizes attorneys to work more hours, without regard to the quality of the output or the class's needs, the percentage approach instead 'rewards counsel for success and penalizes it for failure." *Id.* Thus, the percentage method is preferred. *Arp. v. Hohla & Wyss Enterprises, LLC*, 2020 WL 6498956 at *6 (S.D. Ohio Nov. 5, 2020); *Rikos v. Proctor &*

*Gamble Co.*, No. 1:11-cv-226, 2018 U.S. Dist. LEXIS 72722, at *22, 2018 WL 2009681 (S.D. Ohio Apr. 30, 2018) (Black, J.) (internal citations omitted); *Feiertag v. DDP Holdings, LLC*, No. 14-cv-2643, 2016 U.S. Dist. LEXIS 122297, at *20–21, 2016 WL 4271208 (S.D. Ohio Sep. 9, 2016); *Dillow v. Home Care Network, Inc.*, No. 1:16-cv-612, 2018 U.S. Dist. LEXIS 170579, at *16, 2018 WL 4776977 (S.D. Ohio Oct. 3, 2018); *Carr v. Bob Evans Farms*, No. 1:17-CV-1875, 2018 U.S. Dist. LEXIS 228221, at *10-11 (N.D. Ohio July 27, 2018); *see also, Osman v. Grube, Inc.*, No. 3:16-cv-00802, 2018 U.S. Dist. LEXIS 78222, at *6 (N.D. Ohio May 4, 2018) ("One-third of the common fund is a reasonable attorneys' fee award 'and has been approved in similar FLSA collective actions in this judicial district.'") (citation omitted). This Court has awarded Class Counsel a one-third fee in similar cases. *See Charles Fravel v. General Mills Operations, LLC*, Case No. 2:20-cv-01094 (S.D. Ohio Oct. 28, 2020); *Baker v. Collins Mobile, LLC*, 2:22-cv-01996 (S.D. Ohio Dec. 16, 2020); *Bailey v. Black Tie Management Company*, 2:19-cv-1677 (S.D. Ohio Aug. 12, 2020); *Mulledy v. American Air Furnace Company*, 2:20-cv-5185 (S.D. Ohio April 13, 2021).

Class Counsel accepted this case on a contingent fee basis and advanced all litigation expenses. (Draher Decl. ¶ 31). "In doing so, Class Counsel assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at *15 (N.D. Ohio Mar. 26, 2019) ("Class Counsel provided representation on a purely contingency fee basis, advancing all litigation costs and receiving no payment unless [and] until there was a recovery, and should be compensated for that risk").

Finally, Courts in this district acknowledge "[w]age-and-hour collective and class actions are, by their very nature, complicated and time-consuming." *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at *16 (N.D. Ohio Mar. 26, 2019). Given the inherent complexity of a wage and hour class action, as well as the disputed issues of fact and law in this case, an award of one-third of total settlement amount appropriately compensates Class Counsel for their prosecution of this case and advances the public's interests in rewarding attorneys who bring wage and hour cases. *See, e.g., Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, at *14 (S.D. Ohio June 24, 2011) ("society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.").

The Agreement also provides that Class Counsel will be reimbursed for their out-of-pocket expenses and costs. "Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, at *20 (S.D. Ohio Nov. 25, 2019). In fact, "[e]xpense awards are customary when litigants have created a common settlement fund for the benefit of a class." *Id.*

In the prosecution of this case, Class Counsel incurred out-of-pocket expenses in the amount of $3,012.24. (Draher Decl. ¶ 20). Class Counsel also is responsible for half of the settlement administration costs. (Draher Decl. ¶ __). Because these expenses and costs are reasonable and were incurred in the prosecution of the claims in this case and in connection with resolution of the Action, the Court should preliminarily award Class Counsel reimbursement of these costs and expenses from the settlement fund.

On the basis of these factors, as well as all of the other factors discussed above, the Court should conclude that the Settlement is fair, reasonable, and adequate, and grant preliminary and approval under Rule 23(e).

## IV. <u>CONCLUSION</u>

Representative Plaintiff and Defendant respectfully ask the Court to enter the Proposed Preliminary Order Approving Class Action Settlement Agreement attached as **Exhibit 4** and:

- Certify the following class under Rule 23: "All current and former hourly, non-exempt production employees employed by Defendant at Picoma Industries in Ohio at any time in the two years preceding the date of the filing of this Action to the present, who worked 40 or more hours in any workweek";

- Preliminarily approve the Agreement pursuant to Fed. R. Civ. P. 23;

- Designate Representative Plaintiff as the Class representative;

- Preliminarily approve the Service Award to Representative Plaintiff;

- Designate Shannon M. Draher and Jeffrey J. Moyle of Nilges Draher LLC as Class Counsel;

- Preliminarily approve Class Counsel's request for attorneys' fees and litigation expenses and costs; and

- Schedule a Fairness Hearing **no earlier than 90 days after granting preliminary approval**.

Respectfully submitted,

**NILGES DRAHER LLC**                    **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Shannon M. Draher (with permission)*     */s/ Amanda T. Quan*
Shannon M. Draher (0074304)               Amanda T. Quan (0086623)
7034 Braucher St NW, Suite B              127 Public Square, Suite 4100
North Canton, OH 44720                    Cleveland, OH 44114
Telephone:      (330) 470-4418            Telephone:      (216) 241-6100
Facsimile:      (330) 754-1430            Facsimile:      (216) 357-4733
Email:          Sdraher@ohlaborlaw.com    Email:          Amanda.quan@ogletree.com

Jeffrey J. Moyle (0084854)
1360 E. 9th St, Suite 808
Cleveland, OH 44114
Telephone:    (216) 230-2955
Facsimile:    (330) 754-1430
Email:    Jmoyle@Ohlaborlaw.Com

*Counsel for Representative Plaintiff*

Patrick F. Hulla
4520 Main Street, Suite 400
Kansas City, MO 64111
Telephone:    (816) 410-2226
Email:    Patrick.hulla@ogletree.com

*Counsel for Defendant*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 24, 2022, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Amanda T. Quan*
*One of the Attorneys for Defendant*