IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **GREGORY GRAHAM, on behalf of himself and others similarly situated,** | ) Case No. 2:21-cv-5484-SDM-KAJ |
| Plaintiff, | ) Magistrate Judge Kimberly A. Jolson |
| vs. | ) **ORDER GRANTING** |
| | ) **FINAL APPROVAL OF CLASS ACTION** |
| **ZEKELMAN INDUSTRIES, INC.,** | ) **SETTLEMENT PURSUANT TO FED. R.** |
| | ) **CIV. P. 23(e)** |
| Defendant. | ) |

Representative Plaintiff Gregory Graham ("Representative Plaintiff"), on behalf of himself and the members of the proposed settlement class ("Class Members"), and Wheatland Tube, LLC d/b/a Picoma Industries ("Defendant"), incorrectly identified as Zekelman Industries, Inc. in the Complaint, have moved the Court for final approval of the Class Action Settlement Agreement and Release (the "Agreement" or "Settlement Agreement") pursuant to Fed. R. Civ. P. 23(e). This Court granted preliminary approval of the Settlement Agreement on October 27, 2022, and a Fairness Hearing was held on February 7, 2023.

Having reviewed the Agreement, as well as the Parties' Joint Motion for Final Approval, the Declaration appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, the Court hereby enters this Order granting final approval of the Parties' Agreement as follows:

1.	Unless otherwise defined, all terms used in this Order Granting Final Approval have the same meanings as defined in the Agreement (and/or in the Parties' Joint Motion for Final Approval).

2.	On November 24, 2021, Representative Plaintiff filed his Class and Collective Action Complaint on behalf of himself and others similarly situated.  Representative Plaintiff filed

an Amended Complaint on February 28, 2022. In his Complaint and Amended Complaint, Representative Plaintiff alleged that Defendant violated the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act by failing to pay Representative Plaintiff and the Class Members for all hours worked, resulting in unpaid overtime.

3. On February 7, 2022, Defendant filed its Answer to the Complaint, and on March 14, 2022, Defendant filed its Answer to the Amended Complaint. Defendant denied that it had failed to compensate its employees for all hours worked, denied all alleged violations of law, and asserted affirmative defenses to same.

4. The Parties engaged in arms-length settlement negotiations that were well-informed by a damages analysis and a statistical expected valuation analysis. The settlement negotiations culminated in a proposed agreement to settle the case on a class-wide basis.

5. The Parties jointly moved this Court for preliminary approval of the Agreement on October 24, 2022. This Court granted preliminary approval of the Agreement on October 27, 2022, and ordered that Notice of Class Action Settlement be distributed to the members of the class.

6. The Parties have filed a Declaration from the Settlement Administrator verifying that notices were distributed in the form and manner approved by the Court. Nine prospective class members have been excluded from the class. No objections to the Agreement have been filed with this Court.

7. The Court finds that the members of the Class were given adequate notice of the pendency of this Action, the proposed settlement, and the date of the fairness hearing as ordered by the Court. The Court further finds that the notice was reasonable and the best notice practicable and satisfied the requirements of Civ. R. 23 and due process.

8. The Court finds that the proposed settlement satisfies the standard for final approval of a class action settlement under Fed. R. Civ. P. 23(e). The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. Representative Plaintiff Gregory Graham is an adequate representative of the Class in that he is a member of the Class and possesses the same interests and suffered the same injuries as the other Class members. The definition of the Class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the members of the Class are commensurate with their alleged claims. The Court finds that the proposed settlement is fair, reasonable, and adequate as to the Class, and qualifies for final approval under Rule 23(e).

9. The Court approves the Agreement and orders that it be implemented according to its terms and conditions.

10. The Court therefore orders that the Global Settlement Fund in the amount of One Hundred Seventy-Five Thousand Dollars ($175,000) be paid by Defendant and distributed in the manner described in the Agreement.

11. The Court approves the Service Award to Representative Plaintiff, and orders that such payment be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement and Joint Motion for Final Approval.

12. The Court approves the payment of attorneys' fees and costs, and settlement administration costs as provided in the Settlement Agreement and Joint Motion for Final Approval, and orders that such payments be made in the manner, and upon the terms and conditions set forth in the Settlement Agreement and Joint Motion for Final Approval.

13. Representative Plaintiff and the Class Members release claims against Defendant as provided in the Settlement Agreement.

14. The Court dismisses this action with prejudice. The Parties are to bear their respective attorneys' fees and costs except as provided in the Settlement Agreement and Joint Motion for Final Approval. The Court retains jurisdiction over this Action for the purpose of enforcing the Settlement Agreement.  There being no just reason to delay entry of this Final Order, the Court orders the Clerk of the Court to enter this Final Order immediately, along with Entry of Judgment thereon.

IT IS SO ORDERED.


Date:   February 7, 2023                    /s/ Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE